CHARLOTTE YACHT CLUB, INC. v. THE COUNTY OF MECKLENBURG; TOM RAY, FOUNTAIN ODOM, SUSAN GREEN, MARILYN BISSELL AND ROBERT WALTON AS MEMBERS OF THE MECKLENBURG BOARD OF COMMISSIONERS

No. 8226SC1135

(Filed 18 October 1983)

1. Municipal Corporations § 30.6— zoning—special use permit

When standards governing issuance of a special use permit are specified in a zoning ordinance and an applicant complies fully with the standards, a board of commissioners may not deny a permit to that applicant.

2. Municipal Corporations § 30.6— zoning—special use permit for camping trailer park—failure of proof

In a proceeding in which petitioner sought a special use permit for an overnight camping trailer park, the record supported a finding by the county board of commissioners that petitioner failed to produce substantial evidence that the proposed use would not unduly disrupt the significant natural features of the site as was required by the county zoning ordinance for issuance of a special use permit.

3. Municipal Corporations § 30.6— denial of special use permit—violation of rule of procedure—harmless error

In a proceeding to determine an application for a special use permit, a board of county commissioners' possible violation of its own rule of procedure by accepting affidavits relevant to one issue which were delivered to the board after the hearing was not prejudicial where the board's denial of the permit was supported by its findings on another issue.

APPEAL by respondents from *Ferrell, Judge.* Judgment entered 16 June 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 September 1983.

This case arises from the Mecklenburg Board of Commissioners' denial of Petitioner's application for a special use permit. The evidence shows that Petitioner is a non-profit corporation

which leases property adjacent to Lake Wylie in Mecklenburg County. Petitioner has operated a marina and clubhouse on the property since 1957. Since 1968, the property has been zoned "Resort-Residential," and it is conceded that operation of a marina on that property would normally require a special use permit. Because the marina was in operation prior to enactment of the zoning ordinances, however, no such permit is required; continued operation is allowed as a "nonconforming use" under the county zoning ordinances.

In 1980 the Yacht Club sought a building permit for construction of a bathhouse on the property. The bathhouse was to be for the use of campers using the Club's grounds. Petitioner contends that camping has occurred on the grounds since the Club was established in 1957. The Mecklenburg County Engineering Department refused to issue a building permit for construction of the bathhouse, citing as grounds that Petitioner must first obtain a special use permit for an overnight camping trailer park.

In February, 1981, the Yacht Club filed an application for a special use permit with the Charlotte-Mecklenburg Planning Commission, seeking to have the property designated as an "overnight camping trailer park." A hearing on the application was held on 9 March 1981 by the Board of Commissioners and the Planning Commission. Evidence was presented at the hearing by the Yacht Club and by neighbors opposing issuance of the permit.

On 11 May 1981 the Planning Commission voted to recommend conditional approval of the Yacht Club's application, with the provision that camping use of the property be limited to ten camping units. On 21 September 1981 the Board of Commissioners denied Petitioner's application. The Yacht Club sought judicial review of the Board's action by application to the Superior Court of Mecklenburg County for a writ of certiorari. A writ of certiorari was granted on 22 March 1982, and a hearing held on 26 May 1982. By a judgment entered 16 June 1982, the Superior Court judge reversed the decision of the County Commissioners and remanded with instructions that the special use permit be issued subject to reasonable provisions limiting the number of camping units on the site and the duration of their stay. From that judgment the Board of Commissioners appealed.

*David W. Erdman for petitioner, appellee.*

*Ruff, Bond, Cobb, Wade & McNair, by Marvin A. Bethune for respondents, appellants.*

*Perry, Patrick, Farmer & Michaux, by Roy H. Michaux, Jr. for Dr. L. L. Parker and Mrs. Katie Ivey McCoy, amicus curiae.*

HEDRICK, Judge.

We begin our discussion of this case cognizant of our role in reviewing the actions of the Superior Court and the Board of Commissioners. Our Supreme Court discussed the function of appellate review in cases such as this at some length in *Concrete Co. v. Board of Commissioners,* 299 N.C. 620, 265 S.E. 2d 379, *rehearing denied,* 300 N.C. 562, 270 S.E. 2d 106 (1980):

> [T]he task of a court reviewing a decision on an application for a conditional use permit made by a town board sitting as a quasi-judicial body includes:
>
> (1) Reviewing the record for errors in law,
>
> (2) Insuring that procedures specified by law in both statute and ordinance are followed,
>
> (3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,
>
> (4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and
>
> (5) Insuring that decisions are not arbitrary and capricious.

*Id.* at 626, 265 S.E. 2d at 383. The Court went on to discuss in greater detail the role of a reviewing court in evaluating the sufficiency and competency of the evidence:

> [T]he question is not whether the evidence before the superior court supported that court's order but whether the evidence before the town board was supportive of its action. In proceedings of this nature, the superior court is not the trier of fact. Such is the function of the town board. . . .

The trial court, reviewing the decision of a town board on a conditional use permit application, sits in the posture of an appellate court. The trial court does not review the sufficiency of evidence presented to it but reviews that evidence presented to the town board.

*Id.* at 626-27, 265 S.E. 2d at 383.

[1]    A special use permit is one issued "for a use which the ordinance expressly permits in a designated zone upon proof that certain facts and conditions detailed in the ordinance exist." *Refining Co. v. Board of Aldermen,* 284 N.C. 458, 467, 202 S.E. 2d 129, 135 (1974). When standards governing issuance of a special use permit are specified in a zoning ordinance and an applicant complies fully with the standards, a board of commissioners may not deny a permit to that applicant. *Woodhouse v. Board of Commissioners,* 299 N.C. 211, 216, 261 S.E. 2d 882, 887 (1980). In determining whether to issue a permit, the board follows a two-step decision-making process:

    (1) When an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it.

    (2) A denial of the permit should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.

*Concrete Co. v. Board of Commissioners,* 299 N.C. 620, 625, 265 S.E. 2d 379, 382 (1980).

    Mecklenburg County Zoning Ordinance (hereinafter Ordinance) 9-9 provides for the issuance of a special use permit for overnight camping trailer parks on proper application and compliance with Ordinance 9-9.3:

    *Findings.* As a prerequisite to approval of an application for this special use, the Board of County Commissioners shall find that the evidence presented at the hearing establishes:

        (1) That the proposed use will not unduly disrupt any significant natural features of the site such as topography, streams or green cover;

(2) That the proposed use will not create or compound traffic problems for the area;

(3) That the proposed use will not endanger public health and safety or substantially reduce the value of adjoining and nearby property.

In ruling on Petitioner's application, the Board made the following conclusions of law:

1. The petitioner has demonstrated that the construction of the bathhouse would not disrupt any significant natural features of the site. However, the petitioner did not produce substantial evidence which would establish that the proposed use, an overnight camping trailer park, would not unduly disrupt the significant natural features of the site.

2. The petitioner has demonstrated that with six campers using the site at one time, the proposed use would not create or compound traffic problems for the area. Since, however, the petitioner's own evidence has established that the proposed bathhouse is designed to handle up to 15 people, and since the petitioner has not proposed any limit on the number of campers using the site, the petitioner has failed to present evidence which would establish that the proposed use will not create or compound traffic problems for the area.

3. The petitioner has demonstrated that the construction of a bathhouse would not endanger public health and safety or substantially reduce the value of adjoining and nearby property. However, the petitioner did not produce evidence on the effect that the proposed overnight camping trailer park would have on the value of adjoining or nearby properties.

4. The proposed use of the property by the petitioner as an overnight camping trailer park would substantially reduce the value of adjoining and nearby property.

. . .

Based upon the foregoing Findings of Fact and Conclusions of Law, the request for the Special Use Permit sought by the petitioner is denied.

Respondent assigns error to the Superior Court order directing issuance of a special use permit. The Board contends that its findings and conclusions were "based on competent, material, and substantial evidence appearing in the record and [were] supported by the absence of required evidence" and thus should have been upheld.

We note at the outset that the present case is complicated by the fact that the Petitioner is seeking a special use permit with respect to property presently being used as a marina, which is a nonconforming use. There is a clear dispute as to whether and to what extent the property is being used as a campground, which is also a nonconforming use. Petitioner's application and the evidence adduced at the hearing for the special use permit are not clear as to whether the Yacht Club is seeking the special use permit to alter or upgrade its nonconforming use or the permitted use under the existing zoning of resort-residential. However, we need not, nor did the Board need to, determine the extent of the alleged nonconforming use, since such use is irrelevant in a proceeding to obtain a special use permit pursuant to the ordinance in question. Under Ordinance 9(A), a special use permit may be issued so as to allow "land uses which are basically in keeping with the intent and purposes" of the existing zoning designation.

[2] After the hearing, the Board fulfilled its responsibility of making findings of fact and conclusions of law and entered its order denying the special use permit. We have reviewed the whole record and conclude that the Board's findings with respect to whether "the proposed use will not unduly disrupt any significant natural features of the site . . ." is correct. The Petitioner offered no evidence whatsoever that camping on the site would not disrupt significant natural features of the site. In regard to the first factor, then, Petitioner finds itself in a situation similar to that discussed in *Kenan v. Board of Adjustment*, 13 N.C. App. 688, 694, 187 S.E. 2d 496, 499-500, *cert. denied*, 281 N.C. 314, 188 S.E. 2d 897 (1972):

The ordinance requires that certain conditions be met before a special use permit can be granted. The petitioner has the burden of satisfying the Board that it meets these conditions. [citation omitted.] The Board in this case has not found as a

fact that petitioner fails to meet the conditions set forth in the ordinance. It has merely found that petitioner has failed to produce sufficient evidence for the Board to make the required findings. There are no presumptions in favor of the petitioner and the petitioner merely failed in proof.

In light of the zoning ordinance requirement that Petitioner produce evidence on *each* of the three factors listed in the ordinance, we find it unnecessary to discuss the sufficiency of evidence introduced on the two remaining factors. Because we find the order of the Board to be supported by the record, the decision of the Superior Court will be reversed.

Petitioner's cross-assignment of error No. 1 is set out in the record as follows:

> The failure of the Court to rule on the Petitioner-Appellee's other nine (9) grounds for seeking review of the County Commission-Appellant's actions in denying Petitioner's initial Petition. The Court ruled, albeit in Petitioner-Appellee's favor, on only that one ground, as alleged by Petitioner, that "the Commission ignored the manifest weight of the evidence presented at hearing, ruling contrary to the vastly greater weight of the admissible and properly presented evidence."

In its brief Petitioner argues, based on the foregoing cross-assignment of error, that the *court* erred in not ruling on nine allegations asserted by Petitioner as alternative grounds for relief. These grounds were largely procedural in nature, involving, among other things, the consideration by the Board of evidence "strange to the record," alleged violation of the open meetings law, inconsistent and unfair treatment of the parties by the Board under the Rules of Hearing Procedure, and delay in ruling on Petitioner's application for the permit.

Since the Superior Court ruled in Petitioner's favor, there was no necessity for that court to rule on Petitioner's alternative grounds for relief. Since we are reversing the decision of the Superior Court and affirming the ruling of the Board, however, it is our role to review the record for errors in law and to insure that proper procedures were followed and that all parties were afforded their due process rights. *Concrete Co. v. Board of Commis-*

*sioners*, 299 N.C. 620, 626, 265 S.E. 2d 379, 383 (1980). Accordingly, we have reviewed Petitioner's nine contentions. We find all nine to be without merit, and only two to warrant discussion.

[3] Petitioner earnestly contends that the Board violated its own Rule of Hearing Procedure No. 20, which provides:

> 20. *Referral to Planning Commission and Post-Hearing Written Statements.* After the participants in the hearing have presented their evidence, the hearing shall be closed and referred to the Planning Commission for its recommendation. The participants in the hearing may submit written statements which may include: summaries of the evidence, arguments regarding whether the Board can properly consider particular evidence and what weight might be given to particular evidence; and such other arguments and discussions of the record as are believed to be helpful. *Such statements shall not include references or discussions of facts or information which were not made part of the record during the hearing* [emphasis added]. Twenty (20) copies of any submitted statement must be filed with the Planning Commission within five (5) days (excluding holidays, Saturdays and Sundays) after the close of the hearing.

The record does disclose, and Respondents do not deny, that affidavits were delivered to the Board after the hearing, and that they contained evidence about the effect of the special use permit on the value of adjacent land. Such evidence, if considered by the Board, was relevant and material to one of the three issues decided by the Board adverse to Petitioner. Affidavits submitted by Board members asserting that they did not consider this evidence does not, in our opinion, entirely erase the error. It is the duty of the Board in these proceedings to screen the material submitted pursuant to Rule 20 and to purge the record of any evidence that might deprive any party of its right to fundamental fairness. Nevertheless, we find the error non-prejudicial. The evidence challenged by this assignment of error was not relevant to and could not conceivably have affected the Board's determination that Petitioner had produced no evidence on the effect of camping on significant natural features of the site.

The order of the Superior Court is reversed and the cause remanded to that court for the entry of an order affirming the decision of the Board of Commissioners.

Reversed and remanded.

Judges WEBB and HILL concur.