WOLBARSHT v. BD. OF ADJUSTMENT OF CITY OF DURHAM

[116 N.C. App. 638 (1994)]

MYRON WOLBARSHT, Petitioner v. THE BOARD OF ADJUSTMENT OF THE CITY
OF DURHAM, Respondent

No. 9314SC1228

(Filed 18 October 1994)

### 1. Zoning § 72 (NCI4th)— use permit application to build six-foot fence—denial supported by adequate evidence

Respondent's denial of petitioner's use permit application to replace a four-foot fence with a six-foot fence to enclose his yard and dog was supported by competent, material, and substantial evidence where such evidence tended to show that construction of a six-foot fence would be a potential safety problem for neighbors and passers-by; allowing the "dangerous dog" to roam within a see-through fence adjacent to the street would increase his aggressiveness; and a six-foot chain link fence in front of the property would not be compatible with the existing community and would have an adverse impact on the values of adjoining properties.

**Am Jur 2d, Zoning §§ 803-806.**

### 2. Zoning § 72 (NCI4th)— use permit application to build six-foot fence— denial not arbitrary and capricious

Respondent's denial of petitioner's use permit application to replace a four-foot fence with a six-foot fence to enclose his yard and dog was not arbitrary and capricious and an error of law, since it was not arbitrary and capricious to find that allowing the dog to roam the entire yard, albeit with six-foot fencing, but adjacent to the street traveled by small children and others on a daily basis, threatened public safety.

**Am Jur 2d, Zoning §§ 803-806.**

Appeal by petitioner from order and judgment entered 23 August 1993 by Judge Dexter Brooks in Durham County Superior Court. Heard in the Court of Appeals 13 September 1994.

*Hayes Hofler & Associates, P. A., by R. Hayes Hofler and Daniel B. Hill, for petitioner-appellant.*

*Office of the City Attorney, by Assistant City Attorney Karen Sindelar, for respondent-appellee.*

**WOLBARSHT v. BD. OF ADJUSTMENT OF CITY OF DURHAM**

[116 N.C. App. 638 (1994)]

JOHNSON, Judge.

Petitioner Myron Wolbarsht resides at 1435 Acadia Street in Durham, North Carolina. Petitioner received a notice dated 20 October 1992 from the Durham County Animal Control Department that his dog had attacked an individual by biting her in the face, requiring plastic surgery. The notice instructed petitioner to "prevent your dog from engaging in any further acts as those [received by the Animal Control Department]." In response to this notice, on 10 December 1992, petitioner filed a Use Permit application with respondent Board of Adjustment of the City of Durham (hereafter, Board) to enable petitioner to replace the existing four-foot fence around his property with a six-foot chain link fence "to ensure safety from [petitioner's] dog."

A public hearing on the application was held on 26 January 1993. At this hearing, the Board considered evidence which included the City staff report, photographs, and testimony from area residents and petitioner's son. There was substantial testimony concerning two large neapolitan mastiffs owned by petitioner's adult son who lived with petitioner. The female dog, the less aggressive of the two dogs, had free run of both an area fenced with the four-foot fence and an area fenced with the six-foot fence. The second dog, a larger male, had formerly had access to the four-foot area, but since the incident when this dog bit an individual, this dog has been confined solely to the area to the side and back of the house which has six-foot fencing. Petitioner's son testified at the hearing that the purpose of the request to erect the six-foot fence was to increase the larger male dog's run to the areas adjacent to the streets, rather than confining him solely to the back and side yard areas. Petitioner's son also testified that the dog could "clear" a four-foot fence but not a six-foot fence.

Testimony from neighbors concerned the dogs' excessive barking and generally aggressive behavior, noting that the dogs threw themselves against the existing fencing. Neighbors further testified that children and adults frequently use the street and right of way adjacent to petitioner's front yard to walk to the neighboring park, and that expanding the aggressive dog's run would expand the threat to the neighborhood. Neighbors also testified that the fence would have a negative visual impact in the neighborhood because it would create a visual barrier and obstruct the view of pedestrians approaching the park. Testimony by the neighbors corroborated the City's staff report that a Use Permit for a wooden six-foot fence on the property across the street from petitioner had been granted in 1989.

The Board unanimously denied petitioner's application. Petitioner filed petition for a writ of certiorari which was entered on 9 March 1993. The certiorari proceeding was heard before Superior Court Judge Dexter Brooks at the 19 July 1993 session of Durham County Superior Court. Judge Brooks affirmed the Board's denial of petitioner's application, finding

[p]rocedures specified by law in statute and local ordinance were followed at the Board of Adjustment hearing in this case, and in the rendering of the Board's decision.

4. The petitioner was afforded all necessary due process rights at the Board of Adjustment hearing.

5. The Board's decision and its findings that the granting of the use permit does not meet the conditions of Durham City Zoning Ordinance sections 24-12.N and 24-20.B.5 are supported by competent, material, and substantial evidence in the whole record.

6. In particular, the findings that the proposed increase in height is not reasonably compatible with the existing neighborhood and would have both a generally negative effect and an adverse economic impact on neighboring properties are supported by competent, material, and substantial evidence consisting of testimony that the increase in height was requested specifically to allow an aggressive dog, which is currently maintained in six foot fencing at the back of the property, to freely roam the areas to the front and to the side of the property. These areas are adjacent to public streets which are frequently used by pedestrians walking in the neighborhood and to the public park diagonally across the street from the subject property. Containing this dog in the area adjacent to pedestrian walking areas will present a danger to the public and to the neighborhood and is incompatible with the neighborhood.

7. In particular, the Board's finding that a six-foot chain-link fence will impede sight lines for pedestrians is supported by competent, material, and substantial evidence consisting of testimony from neighborhood residents concerning the negative visual impact of the proposed increase in height.

8. The Board's decision is not arbitrary and capricious.

9. No errors of law were committed by the Board of Adjustment in its decision.

From the decision of the trial court, petitioner filed timely notice of appeal to our Court.

Petitioner argues on appeal that it was error for the court to affirm the Board's denial of petitioner's Use Permit application. Specifically, petitioner argues that the Board's denial of petitioner's Use Permit application was not supported by competent, material and substantial evidence. Petitioner also argues that the Board's denial of petitioner's Use Permit application was arbitrary and capricious and was an error in law.

On review of a decision on an application for a use permit made by a Board sitting as a quasi-judicial body, our Court's tasks include:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Charlotte Yacht Club v. County of Mecklenburg*, 64 N.C. App. 477, 479, 307 S.E.2d 595, 597 (1983). Because "[t]he trial court, reviewing the decision of a town board on a . . . permit application, sits in the posture of an appellate court[,]" *Id.* at 480, 307 S.E.2d at 597, our focus on this appeal is on the decision of the Board. *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 265 S.E.2d 379, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980).

[1] We first address petitioner's argument that the Board's denial of petitioner's Use Permit application was not supported by competent, material and substantial evidence. We note that the transcript of the hearing indicates that the Board moved to deny the Use Permit because it found that granting the permit would affect, adversely, the health and safety and welfare of the surrounding property. The Board noted that construction of a six-foot chain link fence would be a potential safety problem for the neighbors and passers-by in that both dogs would then be free to roam throughout the yard, and that allow-

**WOLBARSHT v. BD. OF ADJUSTMENT OF CITY OF DURHAM**

[116 N.C. App. 638 (1994)]

ing the "dangerous dog" to roam within a see-through fence adjacent to the street would increase his aggressiveness. The Board further noted that this six-foot chain link fence in front of the property as proposed would not be compatible with the existing community, would have an adverse economic impact potentially on the values of adjoining properties, and would have a visual impact to the extent that it would block views. The Board observed that petitioner did not propose any type of landscaping or buffering for the fence. Therefore, upon our review of the record in this matter, we find that the Board's denial of petitioner's Use Permit application was supported by competent, material and substantial evidence.

**[2]** We next address petitioner's argument that the Board's denial of petitioner's Use Permit application was arbitrary and capricious and was an error in law. Petitioner argues that "the danger represented by a dog in the yard would be significantly <u>reduced</u> or eliminated by increasing the four-foot sections of fencing" to six-foot, and that therefore, the Board's decision was arbitrary and capricious in denying the six-foot fence "under the pretense that the six-foot fence threatened public safety." We disagree. The male dog, the dog which the Durham County Animal Control Department has on record as having attacked an individual by biting her in the face has, since the bite, been confined to the area to the side and back of the house which has six-foot fencing. <u>This</u> has significantly reduced or eliminated the danger represented by the dog in the yard. It is not arbitrary and capricious to find that allowing the dog to roam the entire yard, albeit with six-foot fencing, but adjacent to the street traveled by small children and others on a daily basis, threatens public safety. We find that the Board's decision was not arbitrary and capricious and was not an error in law.

Affirmed.

Judges GREENE and LEWIS concur.