CAPRICORN EQUITY CORPORATION, A NORTH CAROLINA CORPORATION, PETITIONER v. THE TOWN OF CHAPEL HILL BOARD OF ADJUSTMENT, RESPONDENT

No. 9115SC456

(Filed 21 April 1992)

**Municipal Corporations § 31.2 (NCI3d)— development ordinance — reversal of board of adjustment decision—absence of supporting findings**

     The trial court erred in reversing a board of adjustment's decision that proposed structures having six bedrooms, three bathrooms, a kitchen and a common eating area in each unit were rooming houses rather than duplexes constituting dwelling units within the meaning of a town development ordinance where the court made no findings of fact to support this conclusion or to show that the board of adjustment's decision was arbitrary, oppressive, or an abuse of discretion.

**Am Jur 2d, Administrative Law §§ 650-652.**

APPEAL by respondent from order and judgment entered 20 February 1991 by *Judge Richard B. Allsbrook* in ORANGE County Superior Court. Heard in the Court of Appeals 11 March 1992.

     In October, 1989 petitioner sought building permits to construct duplexes on Roberson Street in the Town of Chapel Hill. Each dwelling unit comprised approximately 3100 square feet and contained six bedrooms, three bathrooms, a kitchen, and a living room. Subsequently, the Chapel Hill Planning Director notified a representative of petitioner that the structures appeared to be rooming houses, in violation of the municipal ordinance, and that

CAPRICORN EQUITY CORP. v. TOWN OF CHAPEL HILL BD. OF ADJUST.

[106 N.C. App. 134 (1992)]

certificates of occupancy would not be issued. Modifications were made on the Roberson structures whereby the leases provided that tenants were jointly and severally liable, subleasing was prohibited, the number of available parking spaces was reduced, and individual bedrooms were fitted with privacy locks instead of individual keyed locks. On 27 July 1990 certificates of occupancy for the structures were issued.

On 14 September 1990 petitioner applied to the Inspections Department for zoning compliance and building permits authorizing the construction of three structures on Green Street in Chapel Hill. These structures are the subject matter of this action. The relevant lots are each approximately one-half acre in size and are located in an R-4 zoning district, within which duplexes are a permitted use. Each unit was proposed to have a floor area of approximately 3,000 square feet, with six bedrooms, three bathrooms, a kitchen and a common eating area.

Although the Roberson Street and Green Street projects were substantially similar, the Chapel Hill Planning Director determined that the Green Street structures constituted rooming houses such that permits should not be issued. The Town Manager officially denied the permit requests on this basis on 10 October 1990. On 29 October 1990 the Chapel Hill Town Council amended Sections 2.36, 2.38, 2.39 and 2.108 of the Development Ordinance. Specifically, Section 2.39 was amended to provide in part:

A duplex structure with more than three (3) bedrooms within either dwelling unit shall be classified as a Rooming House unless each dwelling unit is occupied by persons related by blood, adoption, or marriage, with not more than two unrelated persons.

Pursuant to Article 24 of Chapel Hill's Development Ordinance and G.S. 160A-388, petitioner sought review of the Manager's decision by the Board of Adjustment. On 5 December 1990 the Board conducted a *de novo* hearing during which both sides presented evidence. At the close of the hearing the Board voted 6-4 in favor of issuing the permits. This vote was insufficient to overturn the Manager's denial of the permit, however, because G.S. 160A-388 requires a four-fifth's vote in order to reverse the Manager's determination.

CAPRICORN EQUITY CORP. v. TOWN OF CHAPEL HILL BD. OF ADJUST.

[106 N.C. App. 134 (1992)]

Petitioner appealed the Board's decision and the Superior Court reversed, finding the structures for which the permits were sought to be duplexes and directing that the requested permits be issued.

*Michael B. Brough & Associates, by Michael B. Brough, for petitioner appellee.*

*Ralph D. Karpinos for respondent appellant.*

WALKER, Judge.

Respondent argues (1) it correctly denied the building and zoning compliance permits because the proposed structures were rooming houses not duplexes, and (2) the trial court erred in reversing the Board on the basis of its own interpretation of the ordinance. For the purposes of this appeal we find it necessary to address only the second contention.

The relevant pre-amended portions of the ordinance considered by the Board in upholding the Manager's decision to deny issuance of the permits provide:

*Rooming House*: A building or group of buildings containing in combination three (3) to nine (9) lodging units intended primarily for rental or lease for periods of longer than one week, with or without board. Emergency shelters for homeless persons and residential support facilities, as defined elsewhere in this ordinance, are not included. (Dev. Ord. Sec. 2.108).

*Lodging Unit*: A room or group of rooms forming a separate habitable unit used or intended to be used for living and sleeping purposes by one family only, without independent kitchen facilities; or a separate habitable unit, with or without independent kitchen facilities, occupied or intended to be occupied by transients on a rental or lease basis for periods of less than one week. (Dev. Ord., Sec. 2.66).

*Dwelling Unit*: A room or group of rooms within a dwelling forming a single independent habitable unit used or intended to be used for living, sleeping, sanitation, cooking, and eating purposes by one family only; for owner occupancy or for rental, lease, or other occupancy on a weekly or longer basis; and containing independent kitchen, sanitary, and sleeping facilities; and provided such dwelling unit complies with Chapel Hill's Minimum Housing Code. (Dev. Ord., Sec. 2.41)

CAPRICORN EQUITY CORP. v. TOWN OF CHAPEL HILL BD. OF ADJUST.

[106 N.C. App. 134 (1992)]

In this regard the ordinance defines:

> *Family*: An individual living alone or two (2) or more persons living together as a single housekeeping unit, using a single facility in a dwelling unit for culinary purposes. . . . The term "family" shall not be construed to include a fraternity or sorority, club, rooming house, institutional group or the like. (Dev. Ord., Sec. 2.45).

Thus, the ordinance imposes neither a numerical nor a relationship requirement within its definition of "family" and does not specifically define the term except to enunciate certain exclusions.

Petitioner argues that the structures are duplexes which fall within the definition of dwelling units. Although a dwelling unit is defined as a use by a family, petitioner contends the expansive meaning afforded the term "family" under the ordinance encompasses the anticipated use by graduate students in this case. Further, petitioner contends the proposed structures must be viewed as duplexes in light of the fact that permits were issued on the substantially similar Roberson structures, which were thereby characterized as duplexes.

In its construction of the ordinance, however, the Board upheld the Manager's determination that the proposed structures most closely matched the definition of rooming houses. The Manager considered that each unit was to be comprised of six bedrooms, with two sharing a bathroom, and a communal kitchen and eating area and "concluded that each structure . . . should either be considered as a rooming house with six (6) lodging units, or as a pair of rooming houses, each with three (3) lodging units." Although the Manager agreed the designs for the Roberson and Green Street structures were similar, he believed the Roberson Street building permits were erroneously issued. As rooming houses, the Green Street project must obtain site plan approval by the Planning Board and must satisfy additional regulations in the Development Ordinance. Dwelling units only need obtain a building permit and a zoning compliance permit.

In reversing the Board the trial court stated:

> Having reviewed the undisputed facts set forth in the record stipulated by counsel for petitioner and respondent as the official record of the board of adjustment's decision, and having considered the arguments of counsel and authorities submitted

138        IN THE COURT OF APPEALS

CAPRICORN EQUITY CORP. v. TOWN OF CHAPEL HILL BD. OF ADJUST.

[106 N.C. App. 134 (1992)]

in support thereof, the court concludes that the structures for which petitioner sought building permits. . . constituted duplexes and (satisfied all applicable requirements for issuance of building and zoning compliance permits for duplexes under the development ordinance as it existed before the October 29, 1990 amendments.) Therefore, interpreting the words of the ordinance in light of the undisputed facts in this case, the court concludes that the board of adjustment's decision affirming the town manager's interpretation of the development ordinance was erroneous as a matter of law.

We cannot affirm this conclusion except for that portion holding as applicable the pre-amended Development Ordinance. In *P.A.W. v. Town of Boone Board of Adjustment*, 95 N.C.App. 110, 113, 382 S.E.2d 443, 444-445 (1989), this Court held that:

Because a board of adjustment is vested with reasonable discretion in determining the intended meaning of an ordinance, a court may not substitute its judgment for the board's in the absence of error of law, or arbitrary, oppressive, or manifest abuse of authority.

Here, the court reversed the Board's decision on the grounds that its interpretation of the ordinance was erroneous as a matter of law. However, the court failed to enumerate any findings of fact which support this conclusion or otherwise tend to show that the Board's decision was arbitrary, oppressive, or an abuse of authority. In the absence of the trial court making adequate findings of fact establishing the erroneous nature of the Board's interpretation and decision, its conclusion cannot stand. Upon remand, it is therefore incumbent upon the court to make findings of fact based upon competent evidence which support the court's determination that the Board's decision was erroneous as a matter of law.

We further find the trial court's order and judgment to be deficient in that the language used does not conform with that of the ordinance. The ordinance defines "dwelling units" and "rooming houses" with regard to zoning requirements. However the trial court made no findings in this regard, instead concluding as a matter of law that the structures constituted duplexes. Nowhere in the ordinance does the term "duplex" appear concerning zoning requirements. Upon remand the trial court should mold its findings to the language of the ordinance.

**LEE COUNTY BD. OF EDUCATION v. ADAMS ELECTRICAL, INC.**

[106 N.C. App. 139 (1992)]

Reversed and remanded.

Chief Judge HEDRICK and Judge ORR concur.