ALAN DEAN LAMBETH, Petitioner v. TOWN OF KURE BEACH; and KURE BEACH BOARD OF ADJUSTMENT, Respondents

No. COA02-777

(Filed 15 April 2003)

**1. Zoning— mootness—building permit—amendment of ordinance**

A claim arising from the denial of a permit to widen a driveway was not rendered moot by a subsequent amendment of the impervious surfaces ordinance because the amendment did not give petitioner the relief he sought and did not change his reliance on the prior ordinance. He was entitled to rely on the language of the ordinance in effect at the time he applied for the permit.

**2. Zoning— impervious surfaces—widening of driveway**

A building inspector and a board of adjustment erred by denying a permit to widen a driveway to 24 feet under an impervious surfaces ordinance even though petitioner had already built a walkway across the town right-of-way to another street. The unambiguous language of the ordinance (prior to an amendment) limited driveways to 24 feet but did not limit all impervious surfaces across right-of-ways to 24 feet, and the total impervious area would not exceed the ordinance's percentage limit after the driveway was enlarged.

Appeal by petitioner from order signed 24 January 2002 by Judge Paul L. Jones in New Hanover County Superior Court. Heard in the Court of Appeals 25 March 2003.

*Roger Lee Edwards, P.A., by Roger Lee Edwards, for petitioner-appellant.*

*Nunalee & Nunalee, L.L.P., by Mary Margaret McEachern Nunalee, for respondents-appellees.*

TYSON, Judge.

## I.  Background

On 15 March 2001, Alan Dean Lambeth ("petitioner") applied for a permit from Respondent Town of Kure Beach ("Town") to widen his driveway from nineteen feet to twenty-four feet from his residence to 5th Avenue North. Petitioner sought to widen his driveway to provide easier access into and out of vehicles for the wheelchair of his handicapped daughter. Petitioner had previously constructed a five foot wide concrete walkway extending from his house across the street right-of-way to L. Avenue.

At the time of petitioner's application, the Town's ordinance, read as follows:

Except as provided in section 5-62, no building, building repairs, remodeling, installation, driveway, parking lot, or other ground covering impervious surface, other construction or demolition shall begin in the town until a permit has been obtained from the building inspector. No permit shall be issued if the total square footage of the buildings and impervious ground covering surface will exceed sixty-five (65) percent of the lot. . . .

Driveways across the town right-of-way shall be limited to twenty-four (24) feet wide.

Kure Beach Code § 5-61.

Petitioner's permit was denied by the Town's building inspector on the basis that the expansion would violate the ordinance as it had been applied to other landowners. Petitioner appealed to Respondent Kure Beach Board of Adjustment ("Board"). The building inspector testified before the Board to the history and purpose of the ordinance. Petitioner responded that he was not seeking a variance and claimed that the building inspector had wrongly interpreted the ordinance. Petitioner asked the Board to reverse the inspector's interpretation and to grant his permit. The Board found as fact that the inspector had interpreted the ordinance uniformly in cases involving "[o]ver two hundred residences." The Board affirmed the building inspector's decision on 3 May 2001.

Petitioner petitioned for a writ of certiorari and filed a complaint on 23 May 2001. On 19 June 2001, the Town amended its ordinance to limit landowners to twenty-four feet of "impervious surface" across any Town right-of-way. Respondents filed an answer and motion to dismiss on 20 June 2001. On 5 July 2001, respondents' motion to dismiss was denied and certiorari was granted. On 24 January 2002, an order was signed dismissing petitioner's action and entering judgment in favor of respondents. Petitioner appeals.

## II. Issues

Petitioner argues that (1) the trial court erred by interpreting the Kure Beach Ordinance to include the area of sidewalks into the maximum areas for driveways, and (2) that the trial court applied the wrong standard of review in its interpretation. Although petitioner alleges in his brief that his argument concerning standard of review was an assignment of error in the record, we do not find this assignment of error. We do not address this argument because it was not preserved pursuant to Rule 10(a) of the North Carolina Rules of Appellate Procedure.

Respondents cross-assign two errors on appeal: (1) whether the trial court erred in failing to rule on the Town's argument that certain revisions to the ordinance rendered petitioner's claim moot, and (2) whether the trial court should have dismissed petitioner's claims for unripeness because he failed to exhaust all administrative remedies. We decline to address respondents' second cross-assignment of error.

**LAMBETH v. TOWN OF KURE BEACH**

[157 N.C. App. 349 (2003)]

There is no evidence in the record, aside from respondents' assigning it as error, that it was argued at trial and properly preserved for appeal under North Carolina Rule of Appellate Procedure 10(b)(1). The two issues on appeal are (1) the threshold question of mootness and (2) whether the trial court erred in its interpretation of the Kure Beach ordinance.

### III. Mootness

[1] Respondents argue that petitioner's claim was rendered moot by the amendment to the ordinance.

The Board amended the ordinance on 19 June 2001, replacing the word, "driveways", with the phrase, "[a]ny type of impervious surface." Respondents contend that this modification did not render the ordinance more restrictive, but only clarified the terms of the prior ordinance.

Respondents rely upon *Davis v. Zoning Board of Adjustment*, 41 N.C. App. 579, 255 S.E.2d 444 (1979) to assert that dismissal of an appeal is proper where the ordinance was amended to allow the use petitioner sought during pendency of the appeal. We find *Davis* irrelevant at bar. Davis's claim on appeal became moot because the ordinance modification gave petitioner the relief he sought.

The amendment to the ordinance at bar has not changed petitioner's position in relying upon the prior ordinance and did not give him the relief sought. Petitioner's claim and injury remain viable. The amendment to the ordinance further restricts petitioner's use of his property. Petitioner was entitled to rely upon the language of the ordinance in effect at the time he applied for the permit. *See Northwestern Financial Group v. County of Gaston*, 329 N.C. 180, 405 S.E.2d 138 (1991).

Respondents argue that petitioner did not argue or show a vested right in the ordinance he relied upon.

A party's common law right to develop and/or construct vests when: (1) the party has made, prior to the amendment of a zoning ordinance, expenditures or incurred contractual obligations "substantial in amount, incidental to or as part of the acquisition of the building site or the construction or equipment of the proposed building," *Town of Hillsborough v. Smith*, 276 N.C. at 55, 170 S.E.2d at 909; (2) the obligations and/or expenditures are incurred in good faith, *Id.*; (3) the obligations and/or ex-

**LAMBETH v. TOWN OF KURE BEACH**

[157 N.C. App. 349 (2003)]

penditures were made in reasonable reliance on and after the issuance of a valid building permit, if such permit is required, authorizing the use requested by the party, *Id.* . . . ; and (4) the amended ordinance is a detriment to the party. *See Russell v. Guilford County*, 100 N.C. App. 541, 545, 397 S.E.2d 335, 337 (1990); . . . The burden is on the landowner to prove each of the above four elements.

*Browning-Ferris Industries v. Guilford County Bd. of Adj.*, 126 N.C. App. 168, 171-72, 484 S.E.2d 411, 414 (1997).

Presuming petitioner failed to show a vested right in the original ordinance, it is not fatal to his claim. Petitioner was never issued the permit required to expand his driveway and did not apply for another permit or a variance under the amended ordinance. The building inspector's decision not to grant defendant's permit was based upon his interpretation of the original ordinance. The Board and trial court reviewed and affirmed that decision. The ordinance was not amended until after the Board had acted on petitioner's application. Respondents' cross-assignment of error is overruled.

### IV. Interpretation of the Ordinance

[2] Petitioner argues that the trial court erred in its interpretation of the Kure Beach Ordinance. The ordinance requires the total square footage of the buildings and impervious ground covering surface to not exceed sixty-five percent of the area of the lot. The ordinance also limits driveways across town right-of-ways to twenty-four feet in width. The trial court's sole conclusion of law was that the evidence was insufficient to grant petitioner relief.

The trial court "sits as an appellate court and may review both (i) sufficiency of the evidence presented to the municipal board and (ii) whether the record reveals error of law." *Capricorn Equity Corp. v. Town of Chapel Hill*, 334 N.C. 132, 136, 431 S.E.2d 183, 186 (1993). The whole record test applies to findings of fact and compels a determination of whether the findings of fact of the Board are supported by competent evidence in the record. *Id.* Questions of law presented are reviewable *de novo. Id.* at 137, 431 S.E.2d at 187.

The trial court's order lists the "facts" of the case but fails to determine whether the Board's findings of fact were supported by competent evidence. The trial court's order does not find facts but merely sets forth a chronology of the case. The sole conclusion of law holds for the respondents because the petitioner presented "insuffi-

cient evidence" to warrant relief. Petitioner appeals from the trial court ruling accepting the Board's interpretation of the statute.

The Town has authority under N.C.G.S. § 160A-307 to restrict the width of driveways through ordinances. "A city may by ordinance regulate the size, location, direction of traffic flow, and manner of construction of driveway connections into any street or alley." N.C.G.S. § 160A-307 (2001).

Zoning ordinances derogate common law property rights and must be strictly construed in favor of the free use of property. *See Yancey v. Heafner*, 268 N.C. 263, 266, 150 S.E.2d 440, 443 (1966); *City of Sanford v. Dandy Signs, Inc.*, 62 N.C. App. 568, 569, 303 S.E.2d 228, 230 (1983). "When statutory language is clear and unambiguous, 'words in a statute must be construed in accordance with their plain meaning unless the statute provides an alternative meaning.'" *Proctor v. City of Raleigh Bd. of Adjust.*, 140 N.C. App. 784, 85-86, 538 S.E.2d 621, 622 (2000) (quoting *Kirkpatrick v. Village Council*, 138 N.C. App. 79, 86, 530 S.E.2d 338, 343 (2000)).

The plain meaning of the Town's ordinance prior to its amendment does not support the decision of the Board as affirmed by the trial court. The ordinance unambiguously states that "[d]riveways across the town right-of-way shall be limited to twenty-four (24) feet wide." Driveways are by definition and common usage for driving. *Webster's Third New International Dictionary* 692 (1966) (defining driveway as a "private road giving access from a public way to a building or buildings on abutting grounds." ) Sidewalks or walkways are for walking. *See Webster's Third New International Dictionary* 2113, 2572. Both driveways and walkways may be considered "impervious surfaces" if constructed to prevent water seepage. The ordinance did not limit all impervious surface across the town right-of-way to twenty-four feet, only "[d]riveways," prior to amendment. Petitioner's driveway measured nineteen feet wide at the time of application. He was entitled to an expansion of five additional feet. It is immaterial that petitioner had previously installed a walkway across the right-of-way of another street. The total impervious area did not and would not exceed sixty-five percent of the area of the lot with the driveway extended to twenty-four feet.

While we are cognizant of the ordinance's objective to prevent flooding, this particular issue will not rise again. The Town's amending the ordinance after its decision on petitioner's application is some evidence, if not an implied admission, that the language of the prior

ordinance permitted the expanded driveway. It was error for the building inspector and Board to deny petitioner the permit he was entitled to as a matter of law. We hold that petitioner is entitled to a permit to extend his driveway under the prior ordinance.

Reversed and Remanded.

Judges WYNN and STEELMAN concur.