CUMULUS BROADCASTING, LLC v. HOKE CTY. BD. OF COMM'RS

[180 N.C. App. 424 (2006)]

CUMULUS BROADCASTING, LLC, Petitioner v. HOKE COUNTY BOARD OF
COMMISSIONERS, Respondent

No. COA06-182

(Filed 5 December 2006)

## 1. Zoning— conditional use permit—denial of conditional use permit—whole record test—properly applied

The superior court properly applied the whole record test in a case arising from the denial of a conditional use permit for a radio tower where the court examined all of the evidence to determine whether substantial evidence supported the Commission's findings and conclusions. The court neither reweighed the evidence nor substituted its judgment for that of the Board of Commissioners.

## 2. Zoning— conditional use permit—evaluation of evidence

The trial court did not err by finding that the evidence presented to the Board of Commissioners in opposition to a conditional use permit was anecdotal, conclusory, and without a demonstrated factual basis. The testimony came from witnesses relying solely on their personal knowledge and observations; no witnesses rebutted the quantitative data and other evidence supporting the permit.

## 3. Zoning— conditional use permit—wrongly denied—remedy

The trial court did not err by remanding the denial of a conditional use permit to the Board of Commissioners for issuance of the permit. Trial court rulings that have remanded such cases for the issuance of the permit have been upheld regularly, and the Board offered no controlling authority for its contention that the common remedy would be remand for more detailed findings and conclusions.

Appeal by respondent from order entered 18 October 2005 by Judge B. Craig Ellis in Hoke County Superior Court. Heard in the Court of Appeals 11 October 2006.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Derek J. Allen and Katherine A. Murphy, for petitioner-appellee.*

*Garris Neil Yarborough, for respondent-appellant.*

TYSON, Judge.

The Hoke County Board of Commissioners (the "Commission") appeals from order entered reversing its decision to deny Cumulus Broadcasting, LLC ("Cumulus") a conditional use permit to construct a 499-foot radio tower. We affirm.

## I.  Background

Jimmy and Carol Bunce ("the Bunces") own approximately 250 acres of real property located in Hoke County. The Bunces leased twenty-three acres of their property to Cumulus. Cumulus leased the property with the intent to construct a 499-foot radio tower on the leasehold. Cumulus applied to Hoke County's Planning Department for a conditional use permit to construct a radio tower.

Bunce's property is zoned RA-20 Residential-Agricultural District. The Hoke County Zoning Ordinance § 8.6(C) RA-20 Residential-Agricultural District includes as a conditional use: "Communications; Broadcasting, and Receiving Towers; Radio, Television, and Radar; with setbacks from all property lines of at least one (1) foot for every foot of structure height."

On 9 June 2005, the Planning Board heard Cumulus's application and voted to deny the permit. On 5 July 2005, the Commission held a public hearing and voted three-to-two to deny Cumulus's application for a conditional use permit.

Cumulus timely filed a "Petition for Certiorari" with the superior court asserting the Commission: (1) arbitrarily and capriciously denied the permit; (2) improperly determined that the permit should not be granted; (3) improperly determined that it was within its legal authority to deny the permit for a variance; (4) failed to follow the proper procedure in making findings; (5) acted without sufficient evidentiary basis; and (6) applied rules that violated due process.

After a hearing on 3 October 2005, the superior court reversed the Commission's decision. The superior court remanded the matter to the Commission for approval of the application and issuance of a conditional use permit. The Commission appeals.

## II.  Issues

The Commission argues the trial court: (1) applied an improper standard of review to the Commission's decision; (2) erred in finding insufficient evidence in the record to support the Commission's deci-

sion; (3) erred in reaching conclusion of law numbered 1; (4) erred in reaching conclusion of law numbered 2; and (5) erred by remanding this matter to the Commission with a mandate to approve and issue a conditional use permit.

## III. Standard of Review

[1] In reviewing a commission's decision to deny an application for a conditional use permit, a superior court must: (1) review the record for errors in law; (2) insure that procedures specified by law in both statute and ordinance are followed; (3) insure that the appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses and inspect documents; (4) insure decisions of boards of adjustment are supported by competent, material and substantial evidence in the whole record; and (5) insure decisions are not arbitrary and capricious. *Humane Soc'y of Moore Cty., Inc. v. Town of Southern Pines,* 161 N.C. App. 625, 628-29, 589 S.E.2d 162, 165 (2003) (internal citation omitted).

"The superior court is not the trier of fact but rather sits as an appellate court and may review both (i) sufficiency of the evidence presented to the municipal board and (ii) whether the record reveals error of law." *Capricorn Equity Corp. v. Town of Chapel Hill,* 334 N.C. 132, 136, 431 S.E.2d 183, 186 (1993). "It is not the function of the reviewing court, in such a proceeding, to find the facts but to determine whether the findings of fact made by the Board are supported by the evidence before the Board." *In re Campsites Unlimited,* 287 N.C. 493, 498, 215 S.E.2d 73, 76 (1975); *see Lambeth v. Town of Kure Beach,* 157 N.C. App. 349, 353, 578 S.E.2d 688, 691 (2003) ("The whole record test applies to findings of fact and compels a determination of whether the findings of fact of the Board are supported by competent evidence in the record.").

The trial court examines the whole record to determine whether the agency's decision is supported by competent, material, and substantial evidence. *Mann Media, Inc. v. Randolph County Planning Board,* 356 N.C. 1, 14, 565 S.E.2d 9, 17 (2002). In applying the whole record test, "the trial court may not weigh the evidence presented to the agency or substitute its own judgment for that of the agency." *BellSouth Carolinas PCS v. Henderson County Zoning Bd. of Adjustment,* 174 N.C. App. 574, 576, 621 S.E.2d 270, 272 (2005). Questions of law are reviewable *de novo. Capricorn Equity Corp.,* 334 N.C. at 137, 431 S.E.2d at 187.

This Court has stated our standard of review:

The task of this Court in reviewing a superior court order is (1) to determine whether the trial court exercised the proper scope of review, and (2) to review whether the trial court correctly applied this scope of review. When a party alleges an error of law in the Council's decision, the reviewing court examines the record *de novo*, considering the matter anew. However, when the party alleges that the decision is arbitrary and capricious or unsupported by substantial competent evidence, the court reviews the whole record. *Denial of a conditional use permit must be based upon findings which are supported by competent, material, and substantial evidence appearing in the record.*

*Humane Soc'y of Moore Cty., Inc.*, 161 N.C. App. at 629, 589 S.E.2d at 165 (emphasis supplied) (internal citations and quotations omitted).

The Commission contends the superior court erred in its application of the appropriate standard of review to the Commission's decision denying Cumulus's conditional use permit. We disagree.

Our Supreme Court has stated:

Zoning regulations are in derogation of common law rights and they cannot be construed to include or exclude by implication that which is not clearly their express terms. It has been held that well-founded doubts as to the meaning of obscure provisions of a Zoning Ordinance should be resolved in favor of the free use of property.

*Yancey v. Heafner*, 268 N.C. 263, 266, 150 S.E.2d 440, 443 (1966) (citation and quotation omitted); *see Lambeth*, 157 N.C. App. at 354, 578 S.E.2d at 691 ("Zoning ordinances derogate common law property rights and must be strictly construed in favor of the free use of property."). "Every person owning property has the right to make any lawful use of it he sees fit, and restrictions sought to be imposed on that right must be carefully examined . . . ." *Harrington & Co. v. Renner*, 236 N.C. 321, 324, 72 S.E.2d 838, 840 (1952).

Our Supreme Court has stated:

When an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it. *A denial of the*

> *permit should be based upon findings contra which are sup-*
> *ported by competent, material, and substantial evidence*
> *appearing in the record.*

*Refining Co. v. Board of Aldermen,* 284 N.C. 458, 468, 202 S.E.2d 129, 136 (1974) (emphasis supplied). This Court has more recently stated, "Denial of a conditional use permit must be based upon findings which are supported by competent, material, and substantial evidence appearing in the record." *Howard v. City of Kinston,* 148 N.C. App. 238, 246, 558 S.E.2d 221, 227 (2002).

The superior court reviewed the record before the Commission and concluded: (1) Cumulus presented sufficient material and competent evidence to satisfy its *prima facie* burden of entitlement to a conditional use permit; (2) insufficient competent and material evidence was presented before the Commission to rebut Cumulus's *prima facie* case; and (3) the Commission erred in voting to deny Cumulus's application for a conditional use permit.

The superior court held the Commission's decision to deny the permit was not supported by competent, material, and substantial evidence in the record. In reaching this conclusion, the superior court neither re-weighed the evidence nor substituted its judgment for that of the Commission. The superior court reviewing the evidence presented in opposition to the conditional use permit and ruled it was "anecdotal, conclusory, and without a demonstrated factual basis." The superior court properly reviewed the quantum and not the credibility of the evidence and found it insufficient to rebut Cumulus's *prima facie* case. The superior court properly applied the whole record review by examining all the evidence to determine if substantial evidence supported the Commission's findings and conclusions. This assignment of error is overruled.

### IV. Sufficiency of the Evidence

**[2]** The Commission contends the trial court erred in finding as fact that the evidence presented to the Commission in opposition to the permit was "anecdotal, conclusory, and without a demonstrated factual basis." We disagree.

When a party alleges that a decision of the superior court is arbitrary and capricious or unsupported by substantial evidence, this Court reviews the whole record. *Humane Soc'y of Moore Cty., Inc.,* 161 N.C. App. at 629, 589 S.E.2d at 165. Here, we examine the whole record to determine if the evidence presented to the Commission in

opposition to the permit was "anecdotal, conclusory, and without a demonstrated factual basis."

Gene Thacker ("Thacker"), Mary Ann Baker ("Baker"), Julian Johnson, Margaret Johnson, and Will Wright testified in opposition to the issuance of the conditional use permit. Thacker owns a private airport near the location of the proposed tower and testified the proposed tower would interfere with aircraft instrument approaches. No evidence in the record shows the basis for Thacker's other than his ownership of the airstrip.

Baker testified she "was the [former] AOPA [Aircraft Owners and Pilots Association] safety representative" in that area of Hoke County. Baker testified not approving the tower at this location was "just a matter of common sense and safety." Baker also testified the tower would affect "90 percent of all air traffic in Hoke County." Baker's statements and opinions were conclusory statements and unsupported by any other evidence.

Julian Johnson testified the Federal Aviation Administration and the United States Military would not object to the tower. The proposed location for the tower was out of their jurisdictions. Margaret Johnson and Will Wright testified to their opinions about safety concerns that the proposed tower would pose to air traffic in the area.

No testimony in opposition was presented to show that approval of the conditional use permit would violate any factors in the ordinance to approve the permit or to rebut Cumulus's *prima facie* case. Further, the record on appeal contains a letter of approval for the tower issued by the Federal Aviation Administration and the Federal Communications Commission.

In *Howard v. City of Kinston*, this Court held that testimony based upon "personal knowledge and observations" is not "speculative assertions, mere expression[s] of opinion, or [] generalized fears." 148 N.C. App. 238, 247, 558 S.E.2d 221, 228 (2002). This Court stated:

[T]he City concluded that "[t]he proposed subdivision will create from [300] to [800] additional daily trips on existing streets which will materially endanger the public health or safety of the residents, including children, in the adjacent subdivision[]." In reaching this conclusion, the City relied on the testimony of Ed Lynch, a member of the City's Planning Department,

and Phyllis Gay, a Westwood resident testifying in opposition to petitioner's application.

At the public hearing, Mr. Lynch provided a presentation on the impact of petitioner's proposal on existing traffic in the area. In sum, Mr. Lynch concluded that the proposed subdivision would significantly increase vehicular activity in the area by approximately 300 to 800 trips a day. Ms. Gay also testified during the public hearing. During her testimony, Ms. Gay testified that approximately 100 children lived in Westwood, that existing traffic has caused near accidents involving children while they were walking and riding their bicycles, and increased traffic would endanger the health and safety of the children.

We note that Ms. Gay based her testimony about the adverse effects of the proposed subdivision on traffic congestion and safety upon her personal knowledge and observations. Thus, unlike *Gregory*, *Sun Suites*, and *Woodhouse*, cited above, we conclude that Ms. Gay's concerns were valid and not the result of speculative assertions, mere expression of opinion, or her generalized fears.

*Id.* at 246-47, 558 S.E.2d 227-28.

Several of the witnesses who testified in opposition to Cumulus's application for a conditional use permit are involved in aerial activities in the area (pilots, airstrip owners). Under *Howard*, their testimony might not be considered "speculative assertions, mere expressions of opinion, or . . . generalized fears." *Id.*

The facts in *Howard* are distinguishable from the facts at bar. In *Howard*, an expert testified on the potential traffic impact if the conditional use permit was granted. *Id.* This expert testimony quantitatively supported the health and safety concerns based upon the personal knowledge of Ms. Gay and upon which the City relied in denying Cumulus's application for a conditional use permit. *Id.*

Here, the testimony in opposition to the granting of the conditional use permit was from witnesses relying solely upon their personal knowledge and observations. No witnesses rebutted Cumulus's quantitative data and other evidence in support of the conditional use permit.

The trial court's finding of fact that the evidence presented to the Commission to rebut Cumulus's *prima facie* entitlement to the

**CUMULUS BROADCASTING, LLC v. HOKE CTY. BD. OF COMM'RS**

[180 N.C. App. 424 (2006)]

permit was "anecdotal, conclusory, and without a demonstrated factual basis" is supported by the lack of material and factual evidence in the whole record to overcome Cumulus's *prima facie* entitlement to the permit.

The trial court conducted the proper review of the Commission's decision and did not err by concluding Cumulus was entitled to a conditional use permit. The evidence presented in opposition did not rebut Cumulus's *prima facie* showing. This assignment of error is overruled.

## V. Conclusions of Law Numbered 1 and 2

The Commission contends the trial court erred in forming its conclusion of law numbered 1 and 2 by reviewing the facts inappropriately and making conclusions of law that are not supported by evidence in the record or by the court's findings of fact. The Commission argues the trial court employed the wrong factual analysis in reaching subpart b and c of conclusion of law numbered 1. The Commission also argues the trial court erred by employing a *de novo* approach in reaching conclusion of law numbered 2 that Cumulus "has satisfied its burden and has made a *prima facie* case that it is entitled to a conditional use permit."

This argument is a reiteration of the Commission's argument above that the trial court applied an improper standard of review to the Commission's decision. For the reasons stated above, these assignments of error are overruled.

## VI. Remanding with a Mandate to Issue a Conditional Use Permit

[3] The Commission contends the trial court erred by remanding this matter to the Commission with a mandate for the Commission to approve and issue Cumulus a conditional use permit. The Commission argues "the common remedy would be to remand the matter back to [the Commission] for more detailed findings of fact and conclusions of law." We disagree.

This Court has regularly upheld trial court rulings that remanded a case to the town or county commission for issuance of a conditional use permit. *See In re Application of Ellis*, 277 N.C. 419, 426, 178 S.E.2d 77, 81 (1970) ("The judgment . . . is reversed, and the cause is remanded to the Superior Court for entry of judgment directing the commissioners to issue the special-exception permit for which appellants applied."); *Humane Soc'y of Moore Cty., Inc.*, 161 N.C. App. at

633, 589 S.E.2d at 167 ("Decisions by the North Carolina Court of Appeals have regularly upheld rulings of the trial court that remanded a case to the town for issuance of a conditional use permit"); *Sun Suites Holdings, LLC v. Board of Aldermen of Town of Garner*, 139 N.C. App. 269, 280, 533 S.E.2d 525, 532 ("[R]emand to the Board with direction to issue the requested conditional use permit to petitioners."), *disc. rev. denied*, 353 N.C. 280, 546 S.E.2d 397 (2000). The Commission failed to offer any controlling authority to support its contention. This assignment of error is overruled.

## VII.  Conclusion

The trial court applied the proper standard of review to the Commission's decision. The trial court did not err in finding insufficient material and factual evidence in the whole record to rebut Cumulus's *prima facie* entitlement to the permit or to support the Commission's decision. The trial court did not err by remanding this matter to the Commission with a mandate to approve and issue Cumulus a conditional use permit. The superior court's order is affirmed.

Affirmed.

Judges BRYANT and LEVINSON concur.