J. C. MOORE, D/B/A KINSTON FISH AND PRODUCE, PETITIONER v. BOARD OF
ADJUSTMENT FOR CITY OF KINSTON, RESPONDENT

No. 938SC50

(Filed 21 December 1993)

**Municipal Corporations § 30.11 (NCI3d) — zoning — Neighborhood Trading District — flea market not permitted use**

> An open air flea market is not a permitted use in a Neighborhood Trading District because it does not come within the definition of "stores and shops conducting retail business" permitted by this zoning classification and does not have a fixed, establishment-like quality similar to other uses permitted by this classification.

**Am Jur 2d, Zoning and Planning § 698 et seq.**

Appeal by petitioner from order entered 6 October 1992 by Judge David E. Reid, Jr. in Lenoir County Superior Court. Heard in the Court of Appeals 29 November 1993.

Petitioner operated an open air flea market within a "B-1 Neighborhood Trading District" as defined by the Kinston zoning ordinance. He was notified by a zoning enforcement officer that the flea market was not an allowed use under the zoning ordinance and that he must stop operating the flea market immediately.

Petitioner appealed to the Board of Adjustment for the City of Kinston (the Board). The Board affirmed the zoning enforcement officer's interpretation of the zoning ordinance, concluding that "[a] 'Flea Market is not a listed permitted use in the B-1 Zoning District' of the Kinston Zoning Ordinance." Petitioner then petitioned the superior court to review the Board's decision. The superior court affirmed the Board's decision and ordered petitioner to cease operating the flea market. From this order petitioner appeals.

> *Perry, Perry, Perry & Grigg, by James S. Perry, for petitioner appellant.*

> *Wallace, Morris, Barwick & Rochelle, P.A., by Vernon H. Rochelle and Martha B. Beam, for respondent appellee.*

ARNOLD, Chief Judge.

The applicable section of the zoning ordinance reads in part: "The Neighborhood Trading District is established for the purposes

of providing accessible business areas for residents to obtain goods and services." Subsection (A) lists thirty-three permitted uses within the B-1 district, including "[s]tores and shops conducting retail business." Petitioner claims his flea market is included within the definition of stores and shops and is, therefore, a permitted use. We disagree.

Whether or not the flea market is a permitted use of property in the B-1 district is a matter of interpretation and, therefore, is a question of law subject to de novo review. *See Capricorn Equity Corp. v. Town of Chapel Hill Bd. of Adjustment*, 334 N.C. 132, 137, 431 S.E.2d 183, 187 (1993). The canons of statutory construction apply to the interpretation of an ordinance, *Woodhouse v. Board of Comm'rs*, 299 N.C. 211, 225, 261 S.E.2d 882, 891 (1980), so we must give the words in the ordinance their ordinary and common meaning. *Raleigh Place Assocs. v. City of Raleigh, Bd. of Adjustment*, 95 N.C. App. 217, 219, 382 S.E.2d 441, 442 (1989). Furthermore, the words must be construed in context and given only the meaning that the other modifying provisions of the ordinance will permit. *See In re Hardy*, 294 N.C. 90, 95-96, 240 S.E.2d 367, 371-72 (1978). When the ordinance is interpreted in light of these canons, the phrase "stores and shops" does not include flea markets, and flea markets are therefore not a permitted use in the B-1 district.

Store is defined as a business establishment where goods are kept for retail sale, especially a retail establishment having a large diversified stock of goods. Webster's Third New Int'l Dictionary 2252 (1968). Examples are grocery stores and furniture stores. *Id*. Store is also defined as an establishment with a number of departments. *Id*. Shop has several related meanings: (1) a "handicraft establishment," or (2) "a small retail establishment or a department in a large one offering a specified line of goods or services," or (3) "a small retail establishment concentrating on exclusive or top quality merchandise." *Id*. at 2101.

Common sense and the common understanding of what a flea market is tell us that a flea market does not fit within these definitions of stores and shops. For example, the flea market is not a department store, nor is it an establishment where specified, exclusive, or top quality merchandise is sold. The flea market, as described by petitioner, is where individuals come to sell used items they no longer want, items one would find at a garage sale.

Based upon these distinctions alone, the flea market does not fit within the definition of store or shop.

There is a more compelling distinction however. The word "establishment" is used repeatedly to define store and shop. An establishment is a "more or less fixed and usually sizable place of business." *Id.* at 778. This definition connotes a quality of permanence, unlike the transient character of the vendors at flea markets. By petitioner's own admission, items for sale at the flea market are never left there through the week, or even overnight. The flea market operates only on week-ends, and the evidence indicates that the same vendors would not be present each week-end.

Furthermore, the context within which we find "stores and shops" in the ordinance prohibits us from interpreting stores and shops to include flea markets. *See Hardy*, 294 N.C. at 95-96, 240 S.E.2d at 371-72. The other permitted uses in the B-1 district have a fixed, or establishment-like, quality to them. For example, other permitted uses are financial institutions, indoor theaters, hotels and motels, restaurants, libraries, museums, churches, etc. The flea market does not fit within this context.

For these reasons, we conclude that the flea market is not a permitted use in the B-1 district and affirm the superior court's order.

Affirmed.

Judges WELLS and EAGLES concur.