JOHN RAUSEO AND WIFE, DEBRA M. RAUSEO; JAMES A. GREENE; ALEXANDER SLOAN, III, AND WIFE, SANDRA SLOAN; IVEY JOHNSON, ROBERT SPUHLER AND WIFE, CLAUDIA SPUHLER; FRED MacRAE AND WIFE, LINDA MacRAE; GEORGE MURRAY AND WIFE, MARY ANN MURRAY, PETITIONERS v. NEW HANOVER COUNTY AND THE NEW HANOVER COUNTY BOARD OF COMMISSIONERS, RESPONDENTS

No. 945SC540

(Filed 21 March 1995)

1. **Zoning § 66 (NCI4th)— construction of fire station in residential area—authority of board to grant special use permit**

There was no merit to petitioners' contention that since a zoning ordinance did not expressly permit a volunteer fire station in a district zoned for low-density residential use, respondent board of commissioners did not have authority to grant a volunteer fire department a special use permit for a fire station, since the board found that a fire station qualifies for a special use permit under the "government offices and buildings" category, and the board's interpretation was reasonable and thus entitled to deference by the court.

**Am Jur 2d, Zoning and Planning §§ 974-978.**

**Applicability of zoning regulations to governmental projects or activities. 61 ALR2d 970.**

2. **Zoning § 73 (NCI4th)— construction of fire station—special use permit—sufficiency of evidence to support issuance**

Respondent board's decision to issue a special use permit for construction of a fire station was supported by competent, material, and substantial evidence where the board found that the use of the property as a fire station would preserve the public health and safety; the application met all required conditions and specifications; the presence of a fire station would decrease the response time to fire calls in the area; and the use would be in harmony with the surrounding area.

**Am Jur 2d, Zoning and Planning §§ 803-806.**

Appeal by petitioners from order entered 16 December 1993 by Judge James D. Llewellyn in New Hanover County Superior Court. Heard in the Court of Appeals 27 January 1995.

*Shipman & Lea, by Gary K. Shipman, for petitioners-appellants.*

*New Hanover County Attorney's Office, by Kemp Burpeau, and Rountree and Seagle, by George Rountree, III, for respondents-appellees.*

WYNN, Judge.

On 6 October 1992, the Ogden Volunteer Fire Department (Ogden) filed an application for a special use permit with the New Hanover County Planning Department to construct a fire station at the intersection of Porter's Neck Road and Edgewater Club Road in New Hanover County. On 7 December 1992, a public hearing was held before respondent New Hanover Board of County Commissioners (Board). Eleven individuals spoke at the hearing, five of whom supported granting the permit and six of whom opposed it. The Board directed Ogden to work with the county's planning staff to consider alternative sites for the fire station and then make another presentation.

On 4 January 1993, the Board reconsidered Ogden's permit application. Larry Sneeden, Ogden's representative, informed the Board that the original site was the only viable option for a fire station. The Board instructed the planning staff to coordinate a meeting between Ogden and area residents to address the residents' concerns. On 3 May 1993, the Board held a public hearing to decide whether to approve Ogden's permit application. Seven individuals spoke at the hearing, one in favor of the permit and six in opposition. Several speakers questioned whether Commissioner E. L. Matthews had a conflict of interest since he lived near the proposed site. The county attorney, however, advised the Board that there was no conflict of interest since any benefit Mr. Matthews might receive from the fire station would be one common to everyone in the surrounding area. The Board then voted four to one to grant the special use permit and entered an order finding that the requirements of the zoning ordinance were satisfied and the permit should be issued. Petitioners filed a petition for writ of certiorari to review the Board's decision with the superior court pursuant to N.C. Gen. Stat. § 153A-340. After a hearing, the superior court entered an order dismissing petitioners' appeal and affirming the Board's decision to issue the permit. From that order, petitioners appeal.

The issues presented for our consideration are I) whether the Board had the authority to issue the special use permit; II) whether the decision to issue the permit was supported by the evidence; III) whether the Board properly followed its procedures in issuing the permit; and, IV) whether the Board's decision to issue the permit was arbitrary. We find no error and affirm.

I.

Petitioners first assign error to the Board's determination that it had the authority to issue the special permit. Petitioners contend that the site is zoned residential and that there is no provision in the ordinance granting the Board the authority to issue a special use permit for the construction and operation of a fire station in a residential zone. We disagree.

N.C. Gen. Stat. § 153A-340 provides that every decision of a board of commissioners issuing a special use permit is "subject to review by the superior court by proceedings in the nature of certiorari." N.C. Gen. Stat. § 153A-340 (1991). The scope of review of the superior court includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Coastal Ready-Mix Concrete Co., Inc. v. Board of Comm'rs*, 299 N.C. 620, 626, 265 S.E.2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980); *Guilford County Dept. of Emer. Serv. v. Seaboard Chemical Corp.*, 114 N.C. App. 1, 441 S.E.2d 177, *disc. review denied*, 336 N.C. 604, 447 S.E.2d 390 (1994); *In re Application of Goforth Properties, Inc.*, 76 N.C. App. 231, 332 S.E.2d 503, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 857 (1985). The superior court is not the trier of fact since that is the function of the town board. *Coastal*, 299 N.C. at 626, 265 S.E.2d at 383. *Simpson v. City of Charlotte*, 115 N.C.

App. 51, 443 S.E.2d 772 (1994). The question before the superior court is whether the board's findings of fact are supported by competent evidence in the record; if so, they are conclusive upon review. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 387 S.E.2d 655, *cert. denied*, 496 U.S. 931, 110 L. Ed. 2d 651 (1990). In determining the sufficiency of evidence to support a board's decision to issue a special permit, the court applies the whole record test which requires examination of all competent evidence to determine if the board's decision was based upon substantial evidence. *In re Application of City of Raleigh*, 107 N.C. App. 505, 421 S.E.2d 179 (1992).

In the instant case, the proposed site for the fire station was zoned R-20 which is described in the zoning regulations as to be used for "low density residential and recreational purposes." In its amended order the Board made the following finding of fact:

> The Zoning Ordinance establishes no special conditions for the construction of a fire station. It only states that government offices, buildings and related structures and uses obtain a special use permit.

[1] Petitioners argue that since the zoning ordinance did not expressly permit a volunteer fire station in a R-20 district, the Board did not have the authority to grant Ogden a special use permit. While "fire station" is not a specifically denominated category in the table of permitted uses in the zoning regulations, the Board found that a fire station qualifies for a special use permit under the "government offices and buildings" category. The Board is vested with reasonable discretion in interpreting the meaning of a zoning ordinance, and a court may not substitute its judgment for the board in the absence of error of law or arbitrary, oppressive, or manifest abuse of authority. *P.A.W. v. Town of Boone Bd. of Adjustment*, 95 N.C. App. 110, 382 S.E.2d 443 (1989). The Board's interpretation is reasonable and thus entitled to deference. This assignment of error is overruled.

## II.

[2] Petitioners next argue that the Board's decision to issue the special permit is not supported by competent, material, and substantial evidence. Petitioners contend that Ogden presented no evidence at the 3 May hearing upon which the Board could base its decision to issue the permit. We disagree.

When the standards governing the issuance of a special use permit are specified in a zoning ordinance and an applicant fully com-

plies with the standards, a board of commissioners may not deny the permit to that applicant. *Charlotte Yacht Club Inc. v. County of Mecklenburg*, 64 N.C. App. 477, 307 S.E.2d 595 (1983); *see Woodhouse v. Board of Comm'rs*, 299 N.C. 211, 261 S.E.2d 882 (1980). In the instant case, the record indicates that New Hanover County's zoning ordinances provide that an applicant for a special use permit must show the following:

A.　That the use will not materially endanger the public health or safety if located where proposed and approved;

B.　That the use meets all required conditions and specifications;

C.　That the use will not substantially injure the value of adjoining or abutting property, or that the use is a public necessity; and

D.　That the location and character of the use if developed according to the plan as submitted and approved will be in harmony with the area in which it is to be located and in general conformity with the plan of development for New Hanover County.

The Board found that the use of the property as a fire station would preserve the public health and safety; that the application met all required conditions and specifications; that the presence of a fire station would decrease the response time to fire calls in the area; and, that the use would be in harmony with the surrounding area. We have reviewed the record and conclude that there was substantial evidence before the Board to support its findings and decision to issue the permit. This assignment of error is overruled.

III.

Petitioners next argue that the Board erred by failing to follow its own procedures before issuing the special use permit. Petitioners contend that the Board failed to make its findings of fact and enter its order granting the permit at the close of the public hearing as required by *Cardwell v. Forsyth County Zoning Bd. of Adjustment*, 88 N.C. App. 244, 362 S.E.2d 843 (1987), *disc. review denied*, 321 N.C. 742, 366 S.E.2d 858 (1988). In *Cardwell*, however, the Forsyth County Zoning Board of Adjustment Rules of Procedure specifically required the Board to make its findings of fact on the record at the close of the hearing. *Cardwell*, 88 N.C. App. at 249, 362 S.E.2d at 846. New Hanover County does not have such a requirement, therefore, this

Court's holding in *Cardwell* is not applicable. The record indicates that the Board fully complied with its procedures before issuing the special use permit. This assignment of error is overruled.

### IV.

Petitioners finally argue that the Board utilized a flawed procedure in granting the special use permit and its decision was arbitrary. We disagree. The record indicates that the Board issued the special use permit to Ogden for the construction of a volunteer fire station after reviewing the recommendation of its planning staff and holding three public hearings. There is sufficient evidence in the record to support the Board's decision. This assignment of error is overruled.

For the foregoing reasons, the order of the trial court is

Affirmed.

Judges LEWIS and McGEE concur.