THOMAS PROCTER, Petitioner v. CITY OF RALEIGH BOARD OF ADJUSTMENT, Respondent, and ANTHONY JOHNSON and wife, KATHY JOHNSON, Intervenors

No. COA00-17

(Filed 5 December 2000)

### Zoning— minimum setback—construction of ordinance—plain language—no maximum stated

A city ordinance establishing a minimum front yard setback of 15 feet did not require all structures to be built 15 feet from the street right-of-way where there were no structures fronting the street on the block in question and there was no ambiguity in the ordinance. The superior court is to apply a de novo standard of review in reviewing a decision of a board of adjustment, and the courts are required to use fundamental principles of statutory construction in construing a zoning ordinance. This ordinance is silent on the maximum distance the structure may be built from the right-of-way and the court is not permitted to read such language into the ordinance.

Appeal by intervenors, Anthony Johnson and wife, Kathy Johnson, from order filed 30 April 1998 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 17 October 2000.

*John F. Oates, Jr. for petitioner-appellee.*

*Satisky & Silverstein, by John N. Silverstein, for respondent-appellee.*

*Hatch, Little & Bunn, L.L.P., by David H. Permar and Tina L. Frazier, for intervenor-appellants.*

GREENE, Judge.

Anthony Johnson and Kathy Johnson (Intervenors) appeal a 30 April 1998 order (the Order) of the Wake County Superior Court (trial court) interpreting § 10-2024(d)(2) of the Raleigh Zoning Ordinance (the Ordinance) as setting only a *minimum* building setback line. The Order reversed the Raleigh Board of Adjustment's (the Board of Adjustment) 10 November 1997 decision holding the Ordinance establishes a 15 feet "minimum and maximum" front yard setback when "there are no houses on the block face."

**PROCTER v. CITY OF RALEIGH BD. OF ADJUST.**

[140 N.C. App. 784 (2000)]

Petitioner is the owner of a tract of land located between Cole Street and Wade Avenue in Raleigh, North Carolina (the Property) and desires to construct several duplexes on the Property with varying front yard setbacks. The minimum front yard setback to be 15 feet. The duplexes are designed to face Wade Avenue and would constitute the only structures within this block to face Wade Avenue. The Ordinance provides in pertinent part:

The minimum district yard setbacks, unless otherwise required by this Code, are:

front yard    The greater of either 15 feet or within ten (10) per cent of the median *front yard* setback established by *buildings* on the same side of the *block face* of the proposed *building*[1]

The trial court concluded "the [O]rdinance provision in question is unambiguous, and . . . establishes only **minimum** setback requirements, and does not establish any maximum setback requirements, at least under the facts of this case." The trial court held "any buildings proposed for construction on Petitioner's property shall be deemed in compliance with [the Ordinance] so long as those buildings are set back at least 15 feet from the right-of-way line of Wade Avenue."

---

The issue is whether language in an ordinance establishing a minimum front yard setback of "15 feet" requires all structures be constructed "15 feet" from the street right-of-way.

In reviewing a decision of a board of adjustment with respect to the application of a zoning ordinance, the superior court is to apply a *de novo* standard of review. *Ayers v. Bd. of Adjust. for Town of Robersonville*, 113 N.C. App. 528, 530, 439 S.E.2d 199, 201, *disc. review denied*, 336 N.C. 71, 445 S.E.2d 28 (1994). Similarly, this Court's review of the superior court requires us to apply a *de novo* review of the board of adjustment. *Id.*

In construing a zoning ordinance, the courts are required to use the fundamental principles of statutory construction and interpretation. *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 629, 265 S.E.2d 379, 385. When statutory language is clear and unambiguous, "[w]ords in a statute must be construed in accordance with their

---

1. We note that the Ordinance has been modified since this case was before the trial court, however, this case is governed by the terms of the Ordinance as enacted at the time of the Order of the trial court.

plain meaning unless the statute provides an alternative meaning." *Kirkpatrick v. Village Council*, 138 N.C. App. 79, 86, 530 S.E.2d 338, 343 (2000). The plain meaning of "minimum" is the "lowest possible amount," the "lower limit permitted by law or other authority." *American Heritage College Dictionary* 868 (3d ed. 1993).

In this case, because there are no structures fronting on Wade Avenue in the block in question, and because there is no ambiguity in the Ordinance, any structures on this block facing Wade Avenue must be constructed no closer than 15 feet from the Wade Avenue right-of-way. This 15 feet is the "lowest possible" or minimum distance between the structure and the right-of-way and thus constitutes the required front yard setback. The Ordinance is silent on the maximum distance the structure may be constructed from the Wade Avenue right-of-way and this Court is not permitted, under the guise of judicial construction, to read such language into the Ordinance. *See Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136-37 (1990).

In so holding, we reject the argument of the Intervenors that the Ordinance was intended, as evidenced by testimony in the record, to require "the same block face through the neighborhood" and we should therefore construe the Ordinance to mandate a common front yard setback. The courts, when construing an ordinance, are permitted to look beyond the language of that ordinance only when it contains some ambiguity. *Id.* In this case, however, there is no ambiguity. Furthermore, we reject Intervenors' argument we are bound by the interpretation placed on the Ordinance by the Board of Adjustment. As we have held, that interpretation is affected by an error of law and this Court is not therefore bound by it. *Whiteco Outdoor Adver. v. Johnston County Bd. Of Adjust.*, 132 N.C. App. 465, 470, 513 S.E.2d 70, 74 (1999).

Affirmed.

Judges MARTIN and EDMUNDS concur.