MORRIS COMMUNICATIONS CORPORATION D/B/A FAIRWAY OUTDOOR ADVER-TISING, PETITIONER V. THE BOARD OF ADJUSTMENT FOR THE CITY OF GASTONIA, RESPONDENT

No. COA02-1233

(Filed 5 August 2003)

### 1. Zoning— signs—frame replaced—prohibited by local ordinance

The Gastonia sign ordinance could be construed reasonably to prohibit changing a sign frame as well as the advertisement, and a trial court holding that the City erred in its interpretation of the ordinance was reversed.

### 2. Zoning— state act—local regulation not preempted

The North Carolina Outdoor Advertising Control Act is not a complete and integrated regulatory scheme and does not pre-empt local regulation.

### 3. Zoning— signs—preemption by DOT regulation

The portion of the Gastonia sign ordinance interpreted by the City to prohibit replacement of the frame as well as the adver-tisement was preempted by a DOT regulation which allowed replacement of a structural member of the billboard.

Judge TYSON concurring in part and dissenting in part.

Appeal by respondent from judgment entered 10 May 2002 by Judge C. Preston Cornelius in Gaston County Superior Court. Heard in the Court of Appeals 5 June 2003.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Craig D. Justus, for petitioner-appellee.*

*L. Ashley Smith and Melissa A. Magee, for respondent-appellant.*

CALABRIA, Judge.

The Board of Adjustment for the City of Gastonia ("respondent") appeals a judgment entered 10 May 2002 reversing the determination of respondent prohibiting Morris Communications Corporation ("petitioner") from replacing a frame and advertisement, on one of their billboards. For the reasons stated herein, we hold respondent's interpretation of the city code permissible but that the code is preempted by State law to the extent it conflicts, accordingly, we affirm in part and reverse in part the judgment of the Superior Court.

Petitioner has a valid, unexpired permit for the erection and maintenance of the billboard. In January 2001, petitioner began changing the advertising sign on the billboard. After taking down the former sign-face-panel, but before replacing it with the new sign-face-panel, a zoning enforcement officer interrupted petitioner and explained that such work required a city zoning permit. Petitioner immediately applied for the permit, which was denied. Petitioner appealed, claiming changing both the frame and the advertisement were expressly permitted by North Carolina Department of Transportation ("DOT") regulations. After a public hearing in March 2001, respondent upheld the denial of the permit finding petitioner's actions constituted a replacement of a portion of the sign structure in violation of § 17-181(c) of the local zoning ordinance.

Petitioner filed a writ of certiorari to the Superior Court pursuant to N.C. Gen. Stat. § 160A-388(e). The Superior Court reversed on the following bases: (1) state law preempts the city ordinance; (2) respondent committed an error of law in its interpretation of the ordinance; and (3) respondent's decision was not supported by substantial evidence and was arbitrary and capricious. Respondent appeals.

Respondent asserts the Superior Court erred, *inter alia*, in: (I) its interpretation of the city zoning ordinance § 17-181(c); (II) holding state law preempts the city ordinance. Since we find the Superior

Court correctly determined respondent committed an error of law, we need not reach respondent's remaining assignments of error regarding the factual determinations.

"When the Superior Court grants certiorari to review a decision of the Board, it functions as an appellate court rather than a trier of fact." *Hopkins v. Nash Cty*, 149 N.C. App. 446, 447, 560 S.E.2d 592, 593-94 (2002). In reviewing a decision from a Board of Adjustment, the Superior Court must:

> (1) review the record for errors of law; (2) ensure that procedures specified by law in both statute and ordinance are followed; (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious.

*Whiteco Outdoor Adver. v. Johnston County Bd. of Adjust.*, 132 N.C. App. 465, 468, 513 S.E.2d 70, 73 (1999). "When reviewing the trial court's decision, this Court must determine: 1) whether the trial court used the correct standard of review; and, if so, 2) whether it properly applied this standard." *Hopkins*, 149 N.C. App. at 447, 560 S.E.2d at 593.

> The standard of review depends on the nature of the error of which the petitioner complains. If the petitioner complains that the Board's decision was based on an error of law, the superior court should conduct a de novo review. If the petitioner complains that the decision was not supported by the evidence or was arbitrary and capricious, the superior court should apply the whole record test. The whole record test requires that the trial court examine all competent evidence to determine whether the decision was supported by substantial evidence.

*Id.*, 149 N.C. App. at 448, 560 S.E.2d at 594 (internal citations omitted).

I. Ordinance Interpretation

[1] The first issue raised on appeal is whether, as the Superior Court found, respondent committed an error of law in its interpretation of the city zoning ordinance. Since we find no error of law, we reverse the judgment of the Superior Court.

**MORRIS COMMUNICATIONS CORP. v. BOARD OF ADJUST. OF GASTONIA**

[159 N.C. App. 598 (2003)]

"Questions involving interpretation of zoning ordinances are questions of law[,]" which we review *de novo. Hayes v. Fowler*, 123 N.C. App. 400, 404, 473 S.E.2d 442, 444 (1996). However, "[t]he Board [of Adjustment] is vested with reasonable discretion in interpreting the meaning of a zoning ordinance, and a court may not substitute its judgment for the board in the absence of error of law. . . ." *Rauseo v. New Hanover County*, 118 N.C. App. 286, 289, 454 S.E.2d 698, 700 (1995).

Accordingly, we must review the Board's interpretation of the ordinance to determine whether it is reasonable or whether an error of law exists. "The canons of statutory construction apply to the interpretation of an ordinance. . . ." *Moore v. Bd. of Adjustment of City of Kinston*, 113 N.C. App. 181, 182, 437 S.E.2d 536, 537 (1993) (internal citation omitted). "Unless a term is defined specifically within the ordinance in which it is referenced, it should be assigned its plain and ordinary meaning." *Ayers v. Bd. of Adjust. for Town of Robersonville*, 113 N.C. App. 528, 531, 439 S.E.2d 199, 201 (1994).

Section 17-55 of the Gastonia City Code provides the following definitions:

Sign. Any object, display, or structure, or part thereof, situated outdoors, which is used to advertise, identify, display, direct, or attract attention to an object, person, institution, organization, business, product, service, event or location by any means, including words, letters, figures, design, symbols, fixtures, colors, illumination, or projected images. The term "sign" does not include the flag or emblem of any nation, organization of nations, state, political subdivision thereof, or any fraternal, religious or civic organization; works of art which in no way identify a product or business; scoreboards located on athletic fields; or religious symbols.

Sign, advertising (off-premise). A sign, other than a directional sign, which directs attention to or communicates information about a business, commodity, service, or event that exists or is conducted, sold, offered, maintained or provided at a location other than the premises where the sign is located. Any off-premise advertising sign allowed under this chapter may display either commercial or noncommercial copy. An off-premise advertising sign shall also be known as a 'billboard.'

Structure. A combination of materials to form a construction for use, occupancy, or ornamentation whether installed on, above, or below the surface of land or water.

Section 17-181 of the Gastonia City Code provides, *inter alia*:

(c) A nonconforming sign may not be moved or sign structure replaced except to bring the sign into complete conformity with this chapter. Once a nonconforming sign is removed (i.e., the removal of the structural appurtenances above the base or footing) from the premises or otherwise taken down or moved, said sign only may be replaced or placed back into use with a sign which is in conformance with the terms of this chapter.

(d) Minor repairs and maintenance of nonconforming signs necessary to keep a nonconforming sign in sound condition are permitted.

. . .

(f) Notwithstanding other provisions contained in this section, the message of a nonconforming sign may be changed so long as this does not create any new nonconformities.

At the public hearing, the zoning administrator asserted petitioner's actions were more than minor repairs and changing of the message, as permitted by subsections (d) and (f). The zoning administrator contended petitioner's actions constituted a replacement of a portion of the sign structure in violation of § 17-181(c). Respondent affirmed the zoning administrator's interpretation.[1] The Superior Court held respondent committed an error of law in its interpretation of the code, finding the term "sign" means the totality of the parts of a sign, "sign structure" means the elements necessary for the structure including the footings, poles, sign frame and sign-face-panels, and a "poster face panel"[2] is not in-and-of-itself a sign or sign structure. Accordingly, the Superior Court held respondent committed an error of law in its interpretation of the statute.

1. As discussed by the dissent, some members of the Board appeared confused as to their role interpreting the ordinance. Two members indicated they didn't believe they were qualified to interpret the ordinance, but rather the Superior Court would give "a more fair ruling." A third member stated "we have to go along with the ordinance as written and the way that the City has interpreted it." Finally, a fourth member explained he believed the intent of the ordinance was followed by the zoning administrator. All members voted to affirm the interpretation of the City zoning administrator. The three-page written order of the Board includes findings of fact and conclusions of law and determines that petitioner's actions violated the ordinance and "[t]he zoning official properly interpreted and acted upon the requirements of the zoning ordinance." Since our review accords deference to the interpretation of the ordinance by the Board, where there is no error of law we do not examine each member's rationale, but rather we defer to their reasonable interpretation.

2. The Superior Court referred to the entire sign frame and advertisement as a poster face panel.

Upon review, we do not agree respondent committed an error of law in its interpretation of the zoning ordinance. The essential term "sign structure" is not defined in the ordinance, but each individual word is broadly defined. Although the ordinance does not expressly include a list of all the parts of the "sign structure," the broad language of the statute could reasonably be interpreted to include all those materials which form the constructed sign, including the sign frame. Moreover, section (f), which permits changing the message, could reasonably be interpreted to include only the message and not the frame. Since respondent's interpretation is reasonable and is not the result of an error of law, we defer to their interpretation and reverse the Superior Court's judgment.

II. Preemption

[2] Upon finding respondent's interpretation of the statute is reasonable, we now address whether it impermissibly conflicts with, and is preempted by, State law. Accordingly, the second issue raised on appeal is whether the Superior Court correctly held that respondent committed an error of law finding the city zoning ordinance was not preempted by State law. We review this determination *de novo* and find the Superior Court correctly determined the city ordinance is preempted by conflicting State regulations.

Generally, a city ordinance must be consistent with State and federal law. N.C. Gen. Stat. § 160A-174(b) (2001).

An ordinance is not consistent with State or federal law when:

. . .

(2) The ordinance makes unlawful an act, omission or condition which is expressly made lawful by State or federal law;

. . .

(5) The ordinance purports to regulate a field for which a State or federal statute clearly shows a legislative intent to provide a complete and integrated regulatory scheme to the exclusion of local regulation. . . .

N.C. Gen. Stat. § 160A-174(b) (2001).

Petitioner asserts the North Carolina's Outdoor Advertising Control Act ("OACA"), N.C. Gen. Stat. § 136-126 to -140.1, and OACA is a "complete and integrated regulatory scheme." Petitioner contends since the ordinance conflicts with State law, the ordinance is

preempted pursuant to N.C. Gen. Stat. § 160A-174(b)(5). However, this Court recently determined the OACA is not a complete and integrated regulatory scheme and "conclude[d] that the OACA does not preempt local regulation of outdoor advertising." *Lamar Outdoor Advertising v. City of Hendersonville Zoning Bd.*, 155 N.C. App. 516, 521, 573 S.E.2d 637, 642 (2002). Although petitioner urges this Court to reject the holding in *Lamar*, we decline to do so because " '[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.' " *State v. Roach*, 145 N.C. App. 159, 161, 548 S.E.2d 841, 844 (2001) (quoting *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989)). Accordingly, we are bound by this Court's decision in *Lamar* and hold petitioner's assertion is without merit.

**[3]** Petitioner also asserts the ordinance is preempted by State law because it conflicts with an act which has been expressly permitted by State law, in violation of N.C. Gen. Stat. § 160A-174(b)(2). Petitioner argues the DOT Regulations for Outdoor Advertising, expressly permit petitioner's actions, and accordingly, the city ordinance prohibiting such actions are preempted.[3]

DOT regulation § 2E.0225 provides:

(c) Alteration to a nonconforming sign . . . is prohibited. Reasonable repair and maintenance are permitted including changing the advertising message or copy. The following activities are considered to be reasonable repair and maintenance:

(1) Change of advertising message or copy on the sign face.

(2) Replacement of border and trim.

(3) Repair and replacement of a structural member, including a pole, stringer, or panel, with like material.

(4) Alterations of the dimensions of painted bulletins incidental to copy change.

19A N.C.A.C. 2E.0225(c) (2003). Both the ordinance and regulation permit changing of the advertisement message. However, the ordi-

---

3. We note that N.C. Gen. Stat. § 160A-174(b)(2) prohibits ordinances which conflict with state law, which includes DOT regulations, as the OACA provided by defining "state law" to include "[a] regulation enacted or adopted by a State agency. . . ." N.C. Gen. Stat. § 136-128(6) (2001).

nance prohibits replacement of any portion of the "sign structure" which respondent interprets broadly to include all structural parts of the sign. The regulation expressly permits the repair or replacement of a structural member. Accordingly, under North Carolina law, petitioner may repair or replace any structural member of the billboard, and the ordinance is preempted to the extent it conflicts. Therefore, we affirm the Superior Court's judgment that respondent committed an error of law in failing to conclude this portion of the ordinance is preempted to the extent of the conflict.

We note the OACA requires the payment of just compensation when a "municipality, county, local or regional zoning authority, or other political subdivision . . . remove[s] or cause[s] to be removed any outdoor advertising . . . for which there is in effect a valid permit issued by [DOT] . . . ." N.C. Gen. Stat. § 136-131.1 (2001). However, in the present case, the City did not "remove or cause to be removed" the sign, and accordingly this provision is inapposite.

Respondent also asserts on appeal the Superior Court erred in finding respondent's findings of fact were not supported by substantial evidence and were arbitrary and capricious. However, we need not reach this assertion because, assuming *arguendo* respondent is correct, respondent found petitioner replaced a portion of the sign structure and this action is expressly permitted by DOT regulations.

In conclusion, although we find respondent's interpretation of the city ordinance was not an error of law, we find the ordinance impermissibly conflicts with State regulations.

Affirmed in part, reversed in part.

Judge McGEE concurs.

Judge TYSON concurs in part and dissents in part in a separate opinion.

TYSON, Judge, concurring in part and dissenting in part.

I concur with part II of the majority's opinion holding that the ordinance is preempted by State DOT regulations. Affirming for petitioner on preemption is sufficient without further addressing the trial court's interpretation of the ordinance. Since the majority reaches and reverses the trial court's interpretation of the ordinance, I address that issue as it affects other signs in the city which fall out-

side of DOT preemption. I respectfully dissent from the majority's holding that defers to the Board's interpretation of the ordinance and reverses that portion of the superior court's judgment. I would affirm the entire trial court's order.

### I. Standard of Review

The majority grounds its decision on deference given to the Board's interpretation of the ordinance. The majority's opinion correctly states that reasonable discretion is allowed, but only "in the absence of error of law . . . ." *Rauseo v. New Hanover County*, 118 N.C. App. 286, 289, 454 S.E.2d 698, 700 (1995). The majority's opinion also correctly states, "[q]uestions involving interpretation of zoning ordinances are questions of law," which we review de novo. *Hayes v. Fowler*, 123 N.C. App. 400, 404, 473 S.E.2d 442, 444 (1996). The record reflects that the Board stated that the superior court is the proper forum to determine the interpretation of the ordinance. Donna McPhail, a board member, moved to adopt the zoning officer's interpretation of the ordinance, stating:

> I think that I'm going to make a motion to uphold Mr. Pearson's recommendation on the grounds that the big thing we had facing us today was interpretation, your interpretation of a message or a sign face, and the young lady that spoke for the DOT, and then everyone else. We are not that in tune with all the legal aspects of it. We're citizens of the City of Gastonia. We serve on this board and we do the very best we can and we really take everything into consideration, but you know, we're not attorneys. I don't feel like it's something that we can properly address, so I think by your appealing it on up to Superior Court, they are more—that's more who you need to be in front of, . . . As far as the interpretation of the zoning ordinance, I think Superior Court would just really be your audience.

Board member John McDonald seconded the motion made by Ms. McPhail and stated, "I would like to ditto what Ms. McPhail said."

On review of a Board decision, the trial court "sits as an appellate court and may review both (i) sufficiency of the evidence presented to the municipal board and (ii) whether the record reveals error of law." *Capricorn Equity Corp. v. Town of Chapel Hill*, 334 N.C. 132, 136, 431 S.E.2d 183, 186 (1993). The whole record test applies to findings of fact and compels a determination of whether the findings of fact of the Board are supported by competent evidence in the record. *Id.* Questions of law are reviewed de novo. *Id.* at 137, 431 S.E.2d at

187. Petitioner's petition to the superior court asserted the Board's action was an error of law. The zoning officer's interpretation of the application of the zoning ordinance to petitioner is a question of law. *Tucker v. Mecklenburg Cty Zoning Bd. of Adjustment*, 148 N.C. App. 52, 55, 557 S.E.2d 631, 634 (2001), *aff'd in part, rev. improv. allowed*, 356 N.C. 658, 576 S.E.2d 324 (2003).

> Zoning ordinances derogate common law property rights and must be strictly construed in favor of the free use of property. *See Yancey v. Heafner*, 268 N.C. 263, 266, 150 S.E.2d 440, 443 (1966); *City of Sanford v. Dandy Signs, Inc.*, 62 N.C. App. 568, 569, 303 S.E.2d 228, 230 (1983). "When statutory language is clear and unambiguous, 'words in a statute must be construed in accordance with their plain meaning unless the statute provides an alternative meaning.' " *Procter v. City of Raleigh Bd. of Adjust.*, 140 N.C. App. 784, 785-86, 538 S.E.2d 621, 622 (2000) (quoting *Kirkpatrick v. Village Council*, 138 N.C. App. 79, 86, 530 S.E.2d 338, 343 (2000)).

*Lambeth v. Town of Kure Beach*, —— N.C. App. ——, ——, 578 S.E.2d 688, 691-92 (2003).

The majority reverses the trial court's *de novo* interpretation and holds that the "broad language of the statute could reasonably be interpreted to include all those materials which form the constructed sign, including the sign frame." Zoning ordinances are strictly construed in favor of free use of property and are not broadly construed. *Yancey v. Heafner*, 268 N.C. 263, 266, 150 S.E.2d 440, 443 (1966); *Lambeth*, —— N.C. App. at ——, 578 S.E.2d at 691.

The trial court interpreted section 17-181(c) of the Gastonia City Code to only prohibit the moving of the sign in its entirety or replacement of the sign structure. The trial court determined that changing a poster face panel, standing alone, was not moving a sign or replacing a sign structure, which requires a permit under the ordinance, and that replacement of the poster face panel does not violate section 17-181(c). Further, subsection (f) allows the message to be changed as long as there are no new nonconformaties.

Although the trial court's interpretation of the ordinance need not be reviewed because the case is decided on preemption, I would also affirm that portion of the trial court order holding the Board committed an error of law in its interpretation of the ordinance. I respectfully dissent.